UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11405
Lower Ct. No. 3:83-CV-585-H
_____

ASSOCIATION CONCERNED ABOUT TOMORROW,
INC.,("ACT") AND HARRY ENGLERT,

                                            Plaintiffs-Appellants,

                        versus

RODNEY E. SLATER, ET AL,

                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
Civil Docket # 83-CV-585
_____

February 9, 2000

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

        The court has carefully considered this appeal in light
of the parties' briefs, and argument, the district court opinion,
and our independent research.  Having done so we find no reversible
error.

        First, FHWA's approval of State Highway 161 ("SH 161")
complied with the conformity requirements of the Clean Air Act.
FHWA needed to show that the project it approved, which was a 4/6-
mainlane freeway, met the Clean Air Act conformity requirements.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See 42 U.S.C. § 7506(c)(1); City of Alexandria v. Slater, No. 99-5520, 1999 WL 1204341, *6 (D.C. Circuit December 17, 1999). This it did. FHWA did not need to show conformity for an 8/10-mainlane freeway because approval of a project's footprint does not constitute approval of a project's construction. As FHWA acknowledges, any future expansion of SH 161 into its 8/10-mainlane footprint will require additional Clean Air Act analysis. But until that time, there is no violation of the Clean Air Act.

Second, to the extent appellants have preserved any challenges to the sufficiency of the environmental impact statement, the district court thoroughly explained why those challenges are meritless.

Finally, FHWA conducted a proper review of SH 161 under section 4(f) of the Department of Transportation Act, inasmuch as it was not arbitrary, capricious, or an abuse of discretion for the Secretary not to consider alternative routes that were neither feasible nor prudent. The judgment of the district court is AFFIRMED.